**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

STEVEN WARMAN,

    Plaintiff,                         CASE NO. 05-CV-10138

v.                                      DISTRICT JUDGE DAVID M. LAWSON
                                         MAGISTRATE JUDGE CHARLES BINDER

H. J. MARBERRY, Warden,
T.K. COZZA-RHODES,
Detention Center Administrator,
W. MALATINSKY, Medical Doctor,
TIMOTHY HALL, Counselor, and
JURCZAK, Case Manager,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the complaint be *sua sponte* **DISMISSED WITH PREJUDICE** because Plaintiff has failed to state a claim for which relief can be granted.

### II. REPORT

#### A. Introduction and Facts

Plaintiff Steven Warman is a federal detainee currently incarcerated by the Federal Bureau of Prisons ("BOP") at its Milan Detention Center in Milan, Michigan. On May 18, 2005, Plaintiff filed a "Complaint for Declaratory Ruling and for Emergency Injunctive Relief or Alternatively

a Complaint for a Temporary Restraining Order" pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).[1]

By order of U.S. District Judge David M. Lawson, the case was referred to the undersigned Magistrate Judge for general case management on May 31, 2005. (Dkt. 2.) My initial screening of the case caused me to recommend dismissal for failure to exhaust administrative remedies. (Dkt. 3, "R&R")

On October 18, 2005, in an attempt to cure the fatal defect of the complaint as brought to light by the R&R, Plaintiff submitted an amended complaint updating the status of his grievances. (Dkt. 6.) Plaintiff also filed objections to the R&R on that same date. (Dkt. 7.)

On January 22, 2007, the United States Supreme Court decided the case of *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), which significantly altered the procedure in this circuit for handling prisoner civil rights cases with respect to the exhaustion of administrative remedies.

On July 13, 2007, the R&R was rejected and the case was returned to the undersigned for reconsideration in light of the new rules laid down by the Supreme Court. (Dkt. 9.) Having reconsidered the previous recommendation, I conclude that the case is again ready for Report and Recommendation.

Defendants are all prison personnel employed at the Milan facility. Plaintiff, who suffers from obstructive sleep apnea, claims that Defendants have violated his Eighth Amendment rights by their deliberate indifference to his medical needs associated with this condition. Plaintiff complains that he is in danger of a cell-mate unplugging his breathing apparatus (CPAP Machine),

---

[1] A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001).

2

either intentionally or inadvertently, and thus, that he should never be placed with a cell-mate. Plaintiff alleges that on April 4, 2005, his breathing mask was "rendered inoperable" by his cell-mate, that "[o]ther cell-mates have inadvertently unplugged the device" and that others have "inadvertently knocked items off their top bunk area, causing them to fall onto the device." (Dkt. 6, Am. Compl. at 6, ¶¶ 29.a-c.) Plaintiff indicates that he was forced to "endure days of a defective critical care device, hence damaging or potentially damaging plaintiff's health further, while awaiting a replacement of several components" to the breathing apparatus when it was "rendered inoperable" by his cell-mate. (Dkt. 6 ¶ 29.)

Plaintiff also complains that he has "Hepetitis 'C'" [sic] and has been told to "wait until sent to a designated facility, [so his] condition has worsened...as evidenced by an increase in blood medication dosage." (Dkt. 6 ¶¶ 37-39.)

### B. *Jones v. Bock*

As stated in the first R&R, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust the administrative remedies available to him or her before bringing a claim under Section 1983. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). In *Jones*, *supra*, the Court struck down the Sixth Circuit's procedural rule placing the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Jones*, 127 S. Ct. at 921. The Court's ruling did not, however, alter the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Id*. at 911. The timing of screening was also discussed, with the Court noting that the statute requires courts to screen inmate complaints "before docketing, if feasible, or . . . as soon as practicable after docketing," and to dismiss the

complaint if it is "frivolous, malicious, . . . fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b).

The *Jones* Court also pointed out that its ruling did not mean that prisoner complaints will never be subject to *sua sponte* dismissal:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. **If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim**; that does not make the statute of limitations any less an affirmative defense, *see* FED. RULE CIV. PROC. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *See Leveto v. Lapina*, 258 F.3d 156, 161 (C.A.3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (C.A.1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (C.A.2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Jones*, 127 S. Ct. at 920-21 (emphasis added).

### C. Failure to state a claim standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a

recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).[2] *Twombly* did not change the notion that "a judge must accept as true all factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In this case, Plaintiff is not represented by counsel. The Supreme Court has held that the federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even a *pro se* complaint must assert more than bare assertions of legal conclusions and must contain either direct or inferential allegations regarding all the material elements of each claim. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

**D.     Discussion**

The Eighth Amendment to the U.S. Constitution protects convicted inmates from the imposition of "cruel and unusual punishments." U.S. CONST. amend. VIII. In the context of prison medical treatment, the Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Court explained that "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference

---

[2] Although one district court in the Sixth Circuit has restricted *Twombly*'s application to antitrust conspiracy cases, the majority have not. *Weisbarth v. Geauga Park District*, ___ F.3d ___, 2007 WL 2403659, No. 06-4189 (6th Cir. Aug, 24, 2007) (declining to resolve the scope of the *Twombly* decision issue because not necessary to do so).

5

to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106. Thus, mere inadequate medical treatment is not sufficient to state a violation of the Eighth Amendment. In *Estelle,* 429 U.S. at 105, the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. **Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.** In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (emphasis added) (quotations omitted).

Consequently, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim." *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995).

A violation of the Eighth Amendment can occur if it "is manifested by prison doctors and their response to prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104. The inquiry is two-pronged, consisting of both an objective and a subjective element. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). The objective inquiry asks whether the deprivation was sufficiently serious. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). The *Caldwell* court found that the plaintiff-prisoner "did not suffer a serious deprivation because his injuries were not serious enough to require immediate medical attention." *Id.* A medical need is sufficiently serious if "facts show an obvious need for medical care that

6

laymen would readily discern as requiring prompt medical attention by competent health care providers." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2005).

Plaintiff suggests that he should be given a private cell based on the potential for cell-mate interruption with his breathing apparatus that he uses at night because he suffers from sleep apnea. I suggest that the failure to fulfill his request for solitude does not state a claim for deliberate indifference of a serious medical need. Although Plaintiff has averred that he could potentially suffer severe consequences if his breathing apparatus were to fail (Dkt. 6 at ¶ 32), he has not averred that this has ever happened. To the contrary, he suffered no actual consequences when his breathing apparatus was broken by his cell-mate and he had to wait for replacement parts. His claim that this incident was "potentially damaging [to] plaintiff's health" is insufficient to state a present claim. (Dkt. 6 ¶ 29.) Thus, I suggest that Plaintiff has not alleged a sufficiently serious medical need that required prompt attention that was withheld from him.

I further suggest that Plaintiff's averments regarding his "Hepatitis C" condition fail to state a claim for deliberate indifference of a serious medical need. First, although Plaintiff claims that the defendants have done nothing, he refers to an "increase in blood medication dosage" which indicates he has received at least some treatment. (Dkt. 6 ¶ 39.) In addition, Plaintiff has failed to state how any lack of treatment has damaged his health other than an increased level of "enzymes." (Dkt. 6 ¶ 39.) This falls short of an allegation of injuries that "require immediate medical attention." *Campbell, supra.*

I therefore suggest that Plaintiff's Amended Complaint fails to aver the presence of any serious medical condition that required immediate medical attention. Accordingly, I suggest that Plaintiff has failed to state an Eighth Amendment claim for which relief can be granted and I recommend that Plaintiff's Amended Complaint be dismissed with prejudice.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                       s/ *Charles E Binder*
                                                       CHARLES E. BINDER
Dated: October 18, 2007                    United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served on Steven Warman by first class mail, and served on U.S. District Judge Lawson in the traditional manner.

Date: October 18, 2007          By     s/Patricia T. Morris
                                                          Law Clerk to Magistrate Judge Binder